IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**ROBERT BROOKS**                                                            **PLAINTIFF**

vs.                                    **4:08CV00444-WRW**

**UNION PACIFIC RAILROAD COMPANY**                            **DEFENDANT**

## ORDER

Pending is Defendant's Motion for Summary Judgment (Doc. No. 15). Plaintiff has responded,[1] and Defendant has replied.[2] For the reasons set out below, Defendant's Motion is GRANTED.

**I.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

---

[1] Doc. Nos. 25, 36.

[2] Doc. Nos. 33, 40.

[3] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6] I must view the facts in the light most favorable to the party opposing the motion.[7] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

## II.   BACKGROUND

In a July 31, 2009, Order,[10] the Court gave Plaintiff until Monday, August 10, 2009, to get his Response to Defendant's Motion for Summary Judgment two-blocked. The July 31 Order

---

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

[10]Doc. No. 35.

warned Plaintiff that if his Response did not meet the requirements of the Federal Rules of Civil Procedure and the Local Rules, Defendant's Motion would be granted.[11]

On August 10, 2009, Plaintiff filed an Amended Response[12] and an Amended Statement of Facts.[13] Plaintiff's amended pleadings cannot survive Defendant's Motion for Summary Judgment.

Plaintiff did not designate his treating physician, Dr. Butohaiah Garlapati, as an expert witness, and Dr. Garlapati did not submit an expert report, as required by Federal Rule of Civil Procedure 26(a)(2)(B). When a treating physician will testify as to causation, his expert opinion is subject to the same standards of reliability as any other expert witness.[14] Because Plaintiff neither designated Dr. Garlapati as an expert nor provided an expert report, I will not consider the statement in Dr. Garlapati's affidavit that "it is [his] medical opinion that [Plaintiff's] work for [Defendant] caused or contributed to [Plaintiff's] injury and subsequent surgeries."[15] Plaintiff is unable to counter Defendant's expert's opinion that "[t]here is not a specific injury, nor is there specific trauma on which to correlate the current status of [Plaintiff] to his employment at Union Pacific."[16] Plaintiff is unable to show causation.

Plaintiff's Amended Response is exactly the same as his original Response, with the exception of an added paragraph on page three, and added text and citations on page four.[17]

---

[11]*Id*.

[12]Doc. Nos. 36, 38.

[13]Doc. No. 37.

[14]See *Turner v. Iowa Fire Equipment Co.*, 229 F.3d 1202 (8th Cir. 2000).

[15]Doc. No. 36-2.

[16]Doc. No. 16.

[17]Doc. Nos. 25, 36.

Plaintiff's Response does not provide evidence of negligence or foreseeability. As pointed out in a telephone conference re: Defendant's Motion for Summary Judgment and Plaintiff's responsive pleadings, the "facts" in Plaintiff's original Response -- and now his Amended Response -- are largely verbatim reproductions of allegations from Plaintiff's Complaint. Considering Defendant's Motion in the light most favorable to the non-moving party, there is no genuine issue of material fact on which this case can proceed to trial.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED. Defendant's Motion in Limine (Doc. No. 28) is MOOT.

IT IS SO ORDERED this 12th day of August, 2009.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE